UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA VANSICKLE, on behalf of
herself and others similarly situated

      Plaintiff,

v.                                    Case No:   2:15-cv-131-FtM-29MRM

PEBBLEWORKS POOL
SURFACING, INC. and CRAIG
LASCOMB,

      Defendants.
_____

### REPORT AND RECOMMENDATION[1]

Before the Court is the parties Joint Motion for Approval of Settlement (Doc. 39), filed on October 8, 2015. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff brought this action against Defendant seeking damages for unpaid overtime wages. Doc. 1 at 1. Plaintiff worked for Defendant doing sales, marketing, and customer service. Doc. 21-1 at 1. Plaintiff originally calculated the amount owed to her as approximately $5,307.96 plus liquidated damages, attorney's fees and costs. *Id.* at 1. In the proposed Settlement Agreement, Defendant agreed to pay $600.00 to resolve her FLSA wage claim and $900.00 to resolve her breach of contract claim. Doc. 39 at 1-2.

The undersigned conducted the settlement conference with the parties and found the settlement to be a fair and reasonable resolution of a bona fide dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendant further agrees to pay Plaintiff's attorneys' fees in the amount of $3,000.00. Doc. 39 at 2. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. *Id.* Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 39 at 1. Thus, having conducted the settlement conference between the parties and reviewed the settlement documentation (Doc. 40-1), the Court

concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The parties' Joint Motion for Approval of Settlement (Doc. 39) be **GRANTED**, and the Settlement Agreement (Doc 39-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 15th day of October, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record